UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
AWILDA RIOS, MILDRED RIOS, RIOS SISTERS, AN
UNINCORPORATED PARTNERSHIP,

                Plaintiffs,

- against –

MICMAC RECORDS, INC., MICKEY GARCIA, PHASE
ONE NETWORK, INC., FRANK BABAR, AL
JANKOWSKY D/B/A ONNA ROLL RECORDS D/B/A
ONNA ROLL RECORDS AND MANAGEMENT, JANE
DOE 1-10 and JANE DOE 1-10,

                Defendants,
X------------------------------------------------------------X

**[PROPOSED]
CONFIDENTIALITY
STIPULATION AND ORDER**

Case No.: 1:22-cv-2008-AJN

Plaintiffs Awilda Rios, Mildred Rios and Rios Sisters, an unincorporated partnership ("Plaintiffs") and Defendants Phase One Network, Inc., Frank Babar and Micmac Records, Inc. ("Phase One Defendants") (collectively referred to as the "parties") enter into this Confidentiality Stipulation, as follows:

WHEREAS, during the course of discovery in this case the parties will be producing documents and/or exchanging information which may require the disclosure of, *inter alia*, confidential and/or proprietary information and confidential and/or proprietary documents;

WHEREAS, the parties desire to facilitate discovery in this matter while preserving the confidentiality of such confidential and/or proprietary information;

NOW, THEREFORE, it is hereby agreed by and between the parties as follows:

**1.**     **DEFINITION AND DESIGNATION OF CONFIDENTIAL INFORMATION**

        A.    "Confidential Information" as used herein means any type or classification of information which is supplied by any party or non-party in discovery, whether it be a document, information contained in a document or information revealed during a deposition, or otherwise,

which a party or non-party may designate as "CONFIDENTIAL" by so notifying all parties to the litigation. Documents or information therein may be designated as confidential by stamping, imprinting or otherwise labeling the document in question "CONFIDENTIAL" on the face thereof, or by notification to opposing counsel followed by an imprinting of "CONFIDENTIAL" or to follow. If material cannot be so labeled, the producing party may designate the documents as "CONFIDENTIAL" by sending written notice to the receiving party for each document that the producing party asserts is "CONFIDENTIAL" Any "CONFIDENTIAL" designation that is inadvertently omitted during production may be corrected by providing counsel for all parties with written notice as soon as such omission is determined. Any document whose cover page, text, or accompanying letter of transmittal states that it is confidential, privileged and/or proprietary business information shall be deemed confidential without any further labeling thereof. Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document, or thing designated as "CONFIDENTIAL" shall be treated in accordance with this Confidentiality Stipulation.

        B.      Only information, documents, or things that a party believes in good faith contain or refer to information that is not available to or accessible by the general public, or information, documents, or things that a party believes in good faith contain or refer to trade secrets or other non-public, confidential, valuable information, including non-public sensitive financial information or business strategy may be designated "CONFIDENTIAL" or, in the case of highly sensitive financial information or business strategy that may put a party at a competitive disadvantage as "CONFIDENTIAL".

2

C. "Confidential Information" shall not include any information, document, or thing which:

(i) at the time of the disclosure hereunder is available to the public; or

(ii) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii) the receiving party can show (a) was already known to the receiving party, not under a separate confidentiality agreement; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

D. Portions of deposition transcripts may be designated "CONFIDENTIAL" by any party or any deponent either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" by the reporter, or (b) by written notice to all counsel of record within five days after the deponent or its counsel receives the transcript. Any testimony which describes a document that has been designated as "CONFIDENTIAL" also shall be deemed to be designated as such. Pending the expiration of five days after a deposition transcript is received by the deponent or its counsel, all parties and persons shall treat the deposition transcript as if it had been designated as "CONFIDENTIAL" except that the deponent and the deponent's counsel may review the transcript of that deponent's own deposition. In addition, the deponent, during the five day period, may show the deposition transcript to other persons who are bound by this Confidentiality Stipulation and who already have access to the material that is or may be designated as "CONFIDENTIAL". With regard to designations made during the deposition, the designating

party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Confidentiality Stipulation who have access to the material or information that is or may be designated as "CONFIDENTIAL", excluded from a deposition, or any portion thereof, before the taking of testimony designated "CONFIDENTIAL" under this Confidentiality Stipulation.

2. **RESTRICTIONS ON USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

   A.  No "Confidential Information" shall be disclosed to any person or entity except as set forth in this Confidentiality Stipulation. No person shall use any material or information designated "CONFIDENTIAL" except for purposes of preparation, trial, and any appeals of this action, except as provided herein.

   B.  "Confidential Information" that has been designated as "CONFIDENTIAL" may be disclosed only to the following persons and entities:

   (i) Persons who are members of, associated with, or employed by the parties' respective undersigned counsels' law firms, including but not limited to attorneys' who are working on this action on behalf of any party, and their paralegals, clerical employees and other office staff.

   (ii) The parties to this action and their employees and agents, provided that such disclosure is needed to assist in the prosecution or defense of this action. A party who wishes to make disclosures of materials governed by this Confidentiality Stipulation to its employee(s) or agent(s), excepting those persons who are listed in paragraph 2(B)(i), must notify all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached hereto as Exhibit A.

(iii) Independent experts and consultants, including their professional and clerical support staff, who are expressly retained or sought to be retained by any attorney to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work. An independent expert or consultant for a party to whom any of the "Confidential Information" will be disclosed, prior to such disclosure, shall agree in writing to be bound by the terms of this Confidentiality Stipulation by executing the form attached hereto as Exhibit "A". The party who retained the independent expert or consultant, must retain the executed declaration in the form attached hereto as Exhibit "A", and must provide a copy of said executed declaration to all other parties at the time the identity of the expert or consultant is disclosed, unless the identity of the independent expert or consultant is not discoverable pursuant to Fed. R. Civ. P. 26(b)(4)(D), in which case the party who retained the expert or consultant shall retain the executed declaration in the form attached hereto as Exhibit "A" and provide a copy of same to all other parties at the time the identity of the expert or consultant becomes discoverable.

(iv) Counsel for the respective parties may utilize portions of "Confidential Information" designated as "CONFIDENTIAL" during the course of depositions in this matter by having the witness attest that he or she will be bound by the terms set forth in this Confidentiality Stipulation. Portions of the transcripts of all such depositions which contain or refer to any "Confidential Information" shall be treated in accordance with the terms of this Confidentiality Stipulation. Counsel shall retain copies of any transcript of any deposition which contains or refers to any "Confidential Information" in such a manner as to preserve its confidential nature.

(v) Court reporters, stenographers, and/or videographers transcribing or otherwise recording the testimony or argument at a hearing, trial, or deposition in this case or any appeal.

(vi) The Court or its staff in connection with the Court's administration and adjudication of this action.

(vii) Photocopy, document imaging, and database service providers and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases.

(viii) Graphics, translation, design, and/or trial consulting service providers, including mock jurors who have signed a declaration in the form attached hereto as **Exhibit "A"**, retained by a party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the receiving party or a regular employee or agent of a direct competitor of the designating party.

Subject to any further order of the Court, "Confidential Information" designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons identified in Section 2.B above.

C. Nothing contained in this Confidentiality Stipulation shall affect the right of the producing party to disclose or use for any purpose its "Confidential Information."

3. **FILING DESIGNATED MATERIALS**

In the event that a party wishes to use any "Confidential Information" information designated as "CONFIDENTIAL" in any paper filed with the Court in this litigation, which comprise, excerpt, reproduce, paraphrase, or contain designated "Confidential Information", the

6

party shall file such materials under seal. The filing party shall assist the Clerk of Court in preventing such filing from being viewed by the public.

Notwithstanding any other provision, the parties hereto may provisionally file documents under seal and/or in redacted form redacting any Confidential Information, provided that (i) at the time of filing the filing party serves other parties with un-redacted copies of such documents; and (ii) that within ten (10) days of filing of the document, or if the filing is part of a motion sequence, then within ten (10) days of the filing of the last part of the applicable motion sequence, any party who wishes that such document(s) to remain filed under seal shall make an application by letter for an Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall indicate the portion or portions of the information it seeks to have sealed and shall demonstrate that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

4. **CANCELLATION OF DESIGNATION**

   A. The receiving party and any interested party may request the designating party to re-designate "Confidential Information" or remove the "CONFIDENTIAL" designation by written notice to counsel for the designating party, which shall particularly identify the subject matter or document designated "CONFIDENTIAL" or as containing "Confidential Information" that the receiving party seeks to have re-designated. The parties shall work together in good faith to resolve all re-designation requests on an informal basis. If the dispute cannot be resolved informally within

three business days, a motion for further disclosure or re-designation may be filed with the Court. Pending the Court's determination of any motion contesting a confidential designation, the material shall be deemed "CONFIDENTIAL" as indicated by the designating party. Thereafter, such material shall be treated in accordance with the Court's order.

## 5. DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION OF CASE

A. Termination of proceedings shall not relieve any person from the obligations of this Confidentiality Stipulation, unless the Court orders otherwise.

B. With respect to any "Confidential Information" that has been filed with the Court, including all copies or summaries of or excerpts thereof, it is the responsibility of the party desiring return of such documents to ensure that the clerk returns all such information.

C. Within 45 days after the final adjudication of this litigation including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall either (a) assemble and return all confidential material, including all copies thereof, to the party or person from whom the "Confidential Information" was obtained; or (b) certify in writing that all such material has been destroyed, except that outside counsel of record only for the parties may retain, in their sole discretion, all files that pertain to this litigation, including, but not limited to, all court papers, court and deposition transcripts, exhibits, and attorney work product, provided that such documents will be held for their internal use only, subject to the continuing obligations imposed by this Confidentiality Stipulation. A party need not destroy or discard documents that it designated hereunder.

## 6. GENERAL PROVISIONS

A. The parties' respective counsel, and any other person bound by the terms of this Confidentiality Stipulation, shall utilize the "Confidential Information" solely in accordance with the provisions of this Confidentiality Stipulation and, other than as provided herein, will not disclose the "Confidential Information", including any excerpts therefrom, or make it available to any person or entity.

B. All "Confidential Information" produced hereunder shall be retained in the possession and control of counsel receiving such "Confidential Information" in such a manner as to preserve its confidential nature.

C. All notices under this Confidentiality Stipulation are to be served via email, to the appropriate attorney(s)/parties as follows: for Plaintiffs to Darius Marzec at dmarzec@marzeclaw.com and Jerome Noll at jerome.noll@marzec.myfirm.pro and for Defendants Phase One Network, Inc., Frank Babar and Micmac Records, Inc. to Sarah M. Matz at sarah@adelmanmatz.com, David Marcus at david@adelmanmatz.com, Gary Adelman at g@adelmanmatz.com with a copy to gpadocekting@gmail.com. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party or that party itself.

D. The parties agree that this Confidentiality Stipulation shall be binding as an agreement between the parties upon execution by the parties before entry by the Court, and that each party shall consider itself bound to this Confidentiality Stipulation while awaiting the signature of its counterparties. The parties further agree that if for any reason this Confidentiality Stipulation is not accepted by the Court, they will promptly execute and submit a revised Confidentiality Stipulation that addresses the Court's concerns.

E.  Nothing in this Confidentiality Stipulation or the negotiation or entry thereof shall prejudice or constitute a waiver of any party's claims or defenses or prejudice any party's position on their claims and defenses in any way. For purposes of enforcement of this Confidentiality Stipulation only, the parties agree that this Confidentiality Stipulation shall survive the final disposition of this Civil Action, and the Court shall retain continuing jurisdiction to resolve any dispute arising under this Confidentiality Stipulation.

F.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Confidentiality Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

WHEREFORE, the parties move jointly for an Order approving the parties' Confidentiality Stipulation, adopting it as an Order of the Court, and directing that it be carried out in accordance with its terms. A proposed Order is attached hereto as **Exhibit "B"**.

//

//

//

Dated: March 30, 2022

MARZEC LAW FIRM, P.C.

By: _____
Darius Marzec, Esq.
Jerome Noll, Esq.
776A Manhattan Avenue, Suite 104
Brooklyn, New York 11222
Phone: (718) 609-0303
*Attorneys for Plaintiffs*

Dated: March 30, 2022

ADELMAN MATZ P.C.

By: _____
David Marcus, Esq.
Sarah M. Matz, Esq.
1173A Second Avenue, Suite 153
New York, New York 10065
Phone: (646) 650-2207
david@adelmanmatz.com
sarah@adelmanmatz.com
*Attorneys for the Phase One Defendants*

11

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X
AWILDA RIOS, MILDRED RIOS, RIOS SISTERS, AN
UNINCORPORATED PARTNERSHIP,

                      Plaintiffs,

Case No.: 1:22-cv-2008-AJN

  - against –

MICMAC RECORDS, INC., MICKEY GARCIA, PHASE ONE
NETWORK, INC., FRANK BABAR, AL JANKOWSKY
D/B/A ONNA ROLL RECORDS D/B/A ONNA ROLL
RECORDS AND MANAGEMENT, JANE DOE 1-10 and
JANE DOE 1-10,

                      Defendants,
X------------------------------------------------------------------X

**DECLARATION OF** _____ **UNDER CONFIDENTIALITY ORDER**

    I, _____, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury, as follows:

    1.    I am presently employed by _____, and my current business address is _____.

    2.    [For experts and consultants only] Except as retained by _____ in connection with the above-referenced action, I am currently not employed by any party to this lawsuit or engaged as an independent contractor or consultant by any party to this lawsuit, either directly or indirectly.

    3.    I have read the Confidentiality Stipulation and Order Approving the Confidentiality Stipulation dated _____ (collectively "the Confidentiality Order") and agree to comply with and be bound by each of the applicable terms.

4.     I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that I receive or review in this lawsuit is provided to me pursuant to the terms and restrictions of the Confidentiality Order.

5.     I understand that I am to handle all of the materials that I receive which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner consistent with the Confidentiality Order. No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Confidentiality Order.

6.     I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of assuring my compliance with the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____     By:_____
                                   (signature of declarant)


                                   _____
                                   (printed name of declarant)

2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/22
```

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
AWILDA RIOS, MILDRED RIOS, RIOS SISTERS, AN
UNINCORPORATED PARTNERSHIP,

          Plaintiffs,

- against –

MICMAC RECORDS, INC., MICKEY GARCIA, PHASE
ONE NETWORK, INC., FRANK BABAR, AL
JANKOWSKY D/B/A ONNA ROLL RECORDS D/B/A
ONNA ROLL RECORDS AND MANAGEMENT, JANE
DOE 1-10 and JANE DOE 1-10,

          Defendants,
X------------------------------------------------------------X

**ORDER APPROVING CONFIDENTIALITY STIPULATION**

Case No.: 1:22-cv-2008-AJN

ALISON J. NATHAN, United States District Judge:

    The Court has received the parties' Joint Confidentiality Stipulation and Motion. The parties have entered into the Confidentiality Stipulation in order to protect certain confidential commercial or financial information and proprietary or confidential business and/or personal information that may be exchanged during the course of this litigation and to avoid unauthorized disclosure of this information and have requested that the Court approve the Confidentiality Stipulation and adopt it as an Order of the Court. The parties request that the Confidentiality Stipulation be made an Order of the Court is HEREBY GRANTED, as good cause has been shown, and the parties, and any non-parties who agree to be bound by the terms of the Confidentiality Stipulation, are directed to comply with the Confidentiality Stipulation in accordance with its terms.

DATED:   April 7, 2022 New York, New York

_____
ALISON J. NATHAN
UNITED STATES CIRCUIT JUDGE
SITTING BY DESIGNATION