```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AWILDA RIOS, MILDRED RIOS, RIOS
SISTERS, AN UNINCORPORATED
PARTNERSHIP,

                Plaintiffs,

-against-

MICMAC RECORDS, INC., MICKEY
GARCIA, PHASE ONE NETWORK, INC.,
FRANK BABAR, AL JANKOWSKY D/B/A
ONNA ROLL RECORDS AND
MANAGEMENT, JOHN DOE 1-10 and JANE
DOE 1-10,

                Defendants.

22 Civ. 2008 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On February 22, 2022, Plaintiffs Awilda Rios, Mildred Rios, and the Rios Sisters, an unincorporated partnership, brought this action against Defendants Phase One Network, Inc. ("Phase One"), MicMac Records, Inc. ("MicMac"), Frank Babar (together with Phase One and MicMac, the "Phase One Defendants"), Mickey Garcia, Al Jankowsky d/b/a Onna Roll Records and Management ("Onna Roll"), John Doe 1–10, and Jane Doe 1–10, in Supreme Court, New York County, for breach of contract, unjust enrichment, unpaid royalties, fraud, and enforcement of contract terms, and demanding injunctive relief and an accounting. Compl. ¶¶ 31, 41–87, ECF No. 8-7. On March 8, 2022, the Phase One Defendants removed the action to this Court on the basis of federal question jurisdiction, arguing that Plaintiffs' claims arise out of and are governed by the Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Notice of Removal"). Notice of Removal ¶ 11, ECF No. 8-1. On March 18, 2022, Plaintiffs moved for remand. Pl. Mot., ECF No. 16. Plaintiffs also request an award of attorneys' fees and costs for improper removal. Pl. Mem. at 8, ECF No. 16-3.


Because this Court has subject matter jurisdiction over this action, Plaintiffs' motion to remand is DENIED. Likewise, Plaintiffs' motion for attorneys' fees and costs is DENIED.

## DISCUSSION

I.  Legal Standard

The removing party must demonstrate by "competent proof" that federal jurisdiction is proper. *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005); *see also Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). The removal statute must be construed narrowly, and any doubts must be resolved against removability. *Berger v. N.Y. Univ.*, No. 19 Civ. 267, 2019 WL 3526533, at *1 (S.D.N.Y. Aug. 2, 2019) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Removal is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over all civil actions "arising under" federal law. 28 U.S.C. § 1331. The district courts also have exclusive original jurisdiction over any civil action "arising under any [a]ct of Congress relating to . . . copyrights[.]" 28 U.S.C. § 1338(a). Even where the plaintiff does not explicitly allege a violation of the Copyright Act, a claim "arises under" the Copyright Act if the complaint "seeks a remedy expressly granted by the Act," or "asserts a claim requiring construction of the Act." *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 Civ. 3668, 2005 WL 549712, at *3 (S.D.N.Y. Mar. 8, 2005) (collecting cases). A "plaintiff cannot defeat removal by . . . disguising a federal claim as a state law claim." *Id.* at *4. The court must consider the allegations as pleaded at the time of removal. *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of N.Y.*, No. 14 Civ. 6989, 2015 WL 3604249, at *3

(S.D.N.Y. June 8, 2015) (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)).

II.    <u>Application</u>

As an initial matter, the Court notes that Plaintiffs argue for the first time in their reply that the Phase One Defendants' removal was procedurally defective. *See* Pl. Reply at 5–9, ECF No. 30. Plaintiffs argue that they "raised . . . numerous procedural and substantive defects contained in Defendants' Notice of Removal in [Plaintiffs'] initial papers in support of [Plaintiffs'] [m]otion to [r]emand." Pl. Letter at 1, ECF No. 32. This statement is patently false, as there is not a single reference to procedural defects in Plaintiffs' motion or any of their supporting papers. *See* Pl. Mot.; Pl. Mem.; ECF Nos. 16-1–16-2.

The Court shall not permit Plaintiffs to "sandbag" Defendants by raising new matters in reply, *see Wolters Kluwer Fin. Serv. Inc. v. Scivantage*, No. 07 Civ. 2352, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007), particularly when Plaintiffs were required to raise any defect in removal other than lack of subject matter jurisdiction within thirty days after the filing of the Notice of Removal, 28 U.S.C. § 1447(c). *See also Kirschenbaum v. Union Cent. Life Ins. Co.*, No. 20 Civ. 9656, 2021 WL 3727098, at *3 (S.D.N.Y. Aug. 23, 2021); *In re Dobbs*, 227 Fed. App'x 63, 64 (2d Cir. 2007). Defendants' Notice of Removal was filed on March 8, 2022,[1] Notice of Removal, and Plaintiffs' reply was filed on April 11, 2022, Pl. Reply. Plaintiffs' objection to removal on procedural grounds is, therefore, both improper and untimely. The Court shall not consider Plaintiffs' argument that removal is improper because two named Defendants, Garcia and Onna Roll, did not consent to removal within thirty days of the Phase

---

[1] This date is based on the date stamp on ECF No. 8-1. The Notice of Removal opening this case was docketed on March 10, 2022. ECF No. 1. Even if the Court uses the later date of March 10, 2022, Plaintiffs' time to object to the Notice of Removal on procedural grounds expired on April 10, 2022, the next business day after the passage of thirty days from March 10, 2022.

One Defendants' Notice of Removal, as required by 28 U.S.C. § 1441. Pl. Reply at 5–9 (citing *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)).

Further, because the Notice of Removal states that Garcia's and Onna Roll's consent was not necessary, as they had not been properly served in the state court action at the time of the Phase One Defendants' Notice of Removal, and that Garcia and Onna Roll nonetheless consent to removal, Notice of Removal ¶ 14; because it appears that Garcia and Onna Roll have yet to be properly served in the state court action, ECF No. 37 ¶ 2; ECF No. 38 ¶ 2; and because Garcia and Onna Roll have filed declarations consenting to removal, ECF No. 37 at ¶ 3; ECF No. 38 at ¶ 4, the Court finds that all Defendants have consented to the Phase One Defendants' Notice of Removal. *See Harraz v. EgyptAir Airlines Co.*, No. 18 Civ. 12364, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019) (stating that defendants that have not been properly joined and served are not required to consent to removal).

The Court now turns to Plaintiffs' argument that removal is improper because this Court lacks subject matter jurisdiction. *See* Pl. Mem. at 9–18. Plaintiffs' "artful pleading" cannot defeat removal. *See DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 503 (S.D.N.Y.), *aff'd*, 11 Fed. App'x 26 (2d Cir. 2001). Plaintiffs argue that their complaint alleges only state and common law causes of action arising out of the breach of a settlement agreement. Pl. Mem. at 7. But, Plaintiffs clearly seek remedies expressly granted by the Copyright Act and assert claims "requiring construction of the Act." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964).

First, Plaintiffs seek injunctive relief, statutory damages, and attorneys' fees and costs, Compl. ¶¶ 31, 45, 53, 68, which are remedies expressly provided for by the Copyright Act, *see* 17 U.S.C. §§ 502–505; *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 348 (2d Cir. 2000);

*Sparaco v. Lawler, Matusky, Skelly Eng'rs LLP*, 313 F. Supp. 2d 247, 254 (S.D.N.Y. 2004). Indeed, in support of their application for preliminary relief in the state court action, prior to Defendants' removal, Plaintiffs submitted an affirmation claiming they required a "preliminary injunction for copyright infringement." ECF No. 23-5 ¶ 7. And, Plaintiffs' eighth cause of action is for an accounting, Compl. ¶¶ 84–87, a remedy expressly provided for by the Copyright Act. *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996) (citing 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 12.01[A] at 12–13 (1994)); *see also DeCarlo*, 127 F. Supp. 2d at 505.

Second, Plaintiffs are well aware that the majority of their claims sound in copyright infringement. Plaintiffs' claims are based on their allegations that they are the original authors of particular musical works that Defendants exploited without Plaintiffs' permission. Compl. ¶¶ 14, 16, 18–19, 22. Plaintiffs explicitly state that they are entitled to relief because they "continue to retain intellectual rights to all of their copyrighted . . . works which they authored and composed as well as their visual art." *Id.* ¶ 27. Plaintiffs claim that their contract with Defendants expired, and, therefore, Defendants' continued use of Plaintiffs' works "is without any authority[ or] contractual basis, and must be preliminarily and permanently enjoined." *Id.* ¶¶ 31, 35, 37. Plaintiffs also allege that they own artwork that Defendants have used "without authorization, consent[,] or license." *Id.* ¶ 36.

Plaintiffs' claims can only be read as an effort to enforce Plaintiffs' rights under the Copyright Act. *See* 17 U.S.C. §§ 102, 106; *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 618 (S.D.N.Y. 2010) ("Plaintiffs seek to protect their copyrighted [works] from allegedly illegal distribution and publication, which is the purpose of the Copyright Act."); *see also Schneider v. Word World, LLC*, No. 09 Civ. 9116, 2010 WL 446465, at *2 (S.D.N.Y. Feb. 9,

2010) ("To the extent [the] plaintiff claims ownership of any 'original works of authorship fixed in a tangible medium of expression' and that the defendant intruded upon the plaintiff's exclusive rights, such claims are subject to complete preemption under the Copyright Act." (citations omitted) (alteration omitted)); *Briarpatch Ltd. v. Geisler Roberdeau, Inc.*, 194 F. Supp. 2d 246, 255 (S.D.N.Y. 2002) (holding that allegations of infringement arise under the Copyright Act, as opposed to title disputes regarding property rights in copyrighted works).

Third, because Plaintiffs' claims are intended to enforce rights that Plaintiffs allege they have by virtue of being the sole authors and owners of the works in question, interpretation of the copyright ownership provisions of the Copyright Act is required in resolving Plaintiffs' claims, as the Act is the "exclusive source of rights for authors arising from original works of authorship that are fixed in any tangible medium of expression, including a musical work." *Barnhart*, 2005 WL 549712, at *3 (citing 17 U.S.C. §§ 102(a), 301(a)); *see also Merchant*, 92 F.3d at 55. And, Defendants' alleged improper use of Plaintiffs' works includes playing, releasing, selling, sampling, and posting for sale Plaintiffs' songs. Compl. ¶¶ 28–29, 35, 39. The Copyright Act confers exclusive rights regarding the reproduction of, preparation of derivative works based on, distribution of copies of, and public display of copyrighted works. *See* 17 U.S.C. § 106.

Moreover, Plaintiffs' copyright infringement claims make up the bulk of Plaintiffs' complaint; six of Plaintiffs' eight causes of action sound in copyright infringement. Plaintiffs' first and fifth causes of action for breach of contract, Compl. ¶¶ 41–45, 69–74, are based on allegations that Defendants breached the contract by "[i]nfringing Plaintiffs' copyrights," *id.* ¶ 43(b). A breach of contract claim based on the use of copyrighted material beyond the scope of an agreement constitutes a copyright infringement claim. *See Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 580 (S.D.N.Y. 2016) (citing *John Wiley & Sons, Inc. v. DRK*

*Photo*, 998 F. Supp. 2d 262, 287 (S.D.N.Y. 2014)), *aff'd*, 882 F.3d 394 (2d Cir 2018).  Plaintiffs' seventh cause of action for enforcement of contract terms and conditions, Compl. ¶¶ 79–83, is also based on Defendants' alleged exploitation of Plaintiffs' works "outside of the license period," *id.* ¶ 81, and, therefore, also constitutes a copyright infringement claim, *Palmer/Kane LLC*, 204 F. Supp. 3d at 580.

Plaintiffs' fourth cause of action for fraud, Compl. ¶¶ 60–68, alleges that Defendants "exploited Plaintiffs' stenographic records and Plaintiffs' name and likeness without any license or contractual right," and that Defendants "misrepresented their rights concerning exploitation of Plaintiffs' work, name[,] and likeness." *Id.* ¶¶ 61–62.  This cause of action requires that the issue of Plaintiffs' rights as authors of the works in question be determined, which requires interpretation of the Copyright Act.  *See Barnhart*, 2005 WL 549712, at *3 ("Although the complaint alleges fraud . . . the misrepresentation that the plaintiff alleges the defendants made is that [the defendant] was the author of songs of which the plaintiff was the sole author."); *see also DeCarlo,* 127 F. Supp. 2d at 505; Compl. ¶ 39 ("Defendant Garcia gave himself creative credit for all of Plaintiffs' works, including melody and lyrics, on all such [t]racks sold and that continue to be posted for sale.").

And, Plaintiffs' claim for unjust enrichment, Compl. ¶¶ 46–53, is preempted by the Copyright Act.[2]  Plaintiffs claim that Defendants have been unjustly enriched by retaining royalties which should have been paid to Plaintiffs "for the sale of Plaintiffs' works."  Compl. ¶ 47.  A claim that Defendants "unjustly benefited from the unauthorized use of [Plaintiffs']

---

[2] Plaintiffs' other causes of action sounding in copyright infringement are likely also preempted, but the Court need not address complete preemption here, as it is not necessary for the disposition of Plaintiffs' motion.  *See Schneider*, 2010 WL 446465, at *2 (Claims are completely preempted by the Copyright Act if the "plaintiff claims ownership of any 'original works of authorship fixed in a tangible medium of expression' and that the defendant intruded upon the plaintiff's exclusive rights." (citations omitted) (alteration omitted)); *see also Barnhart*, 2005 WL 549712, at *5 n.2 (declining to reach the issue of preemption under the Copyright Act because it was not necessary to dispose of the instant motion).

intellectual property" is preempted by the Copyright Act. *Einiger v. Citigroup, Inc.*, No. 14 Civ. 4570, 2014 WL 4494139, at *7 (S.D.N.Y. Sept. 12, 2014); *see also Ardis Health, LLC v. Nankivell*, No. 11 Civ. 5013, 2012 WL 5290326, at *10 (S.D.N.Y. Oct. 23, 2012) ("[T]he theory of unjust enrichment protects rights that are essentially 'equivalent' to rights protected by the Copyright Act; thus, unjust enrichment claims related to the use of copyrighted material are generally preempted." (citations omitted)); *Panizza v. Mattel, Inc.*, No. 02 Civ. 7722, 2003 WL 22251317, at *4 (S.D.N.Y. Sept. 30, 2003).

Therefore, the Court has jurisdiction over six of Plaintiffs' claims under both prongs of the *T.B. Harms Co.* test. 339 F.2d at 828. As Plaintiffs' causes of action for unpaid royalties arise under a common nucleus of operative fact as the rest of Plaintiffs' claims, Compl. ¶¶ 54–59, 75–78, the Court shall exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367; *DeCarlo*, 127 F. Supp. 2d at 506; *Einiger*, 2014 WL 4494139, at *7. Because the Court has jurisdiction over Plaintiffs' claims, removal was proper.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is DENIED, and, because removal was proper, Plaintiffs' request for costs and attorneys' fees is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 16.

SO ORDERED.

Dated: March 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge